IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

IN THE MATTER OF:   ZOE E. W.

Appeal from the Juvenile Court for Shelby County
No. R0858      Curtis S. Person, Jr., Judge

No. W2012-01743-COA-R3-JV - Filed September 19, 2013

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

William W. Jones, IV, Memphis, Tennessee, for the appellant, Zaccariah Williams.

William Ray Glasgow, Memphis, Tennessee, for the appellee, Melanie Pinson.

**MEMORANDUM OPINION[1]**

The Clerk of this Court filed the appellate record for this matter on March 6, 2013. Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After the review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court adjudicated the request for an award of reasonable attorney fees and litigation expenses, as set forth in "Response to Petition in Opposition to Relocation" filed in the trial court on June 11, 2012 by Appellee Melanie Pinson. Consequently, the Court entered an Order on March 6, 2013, directing Appellant Zaccariah Williams to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Our Order of March 6, 2013, also provided that if Appellant did not obtain entry of a final judgment within the time provided therein, then Appellant should show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment, within fifteen (15) days from the entry of that Order. Finally, our Order of March 6, 2013 stated "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On April 10, 2013, Appellant Zaccariah Williams filed a motion requesting an extension of time to obtain entry of a final judgment. By Order entered on April 15, 2013, the Court denied the motion for Appellant's failure to comply with Rule 22 of the Tennessee Rules of Appellate Procedure. Our Order of April 10, 2013, also provided "[t]his Order should not be construed as preventing Appellant from filing another motion which fully complies with Rule 22 of the Tennessee Rules of Appellate Procedure."

As of June 14, 2013, however, Appellant had not filed another motion and the Clerk of this Court had not received a supplemental record containing a final judgment in this matter. Consequently, the Court entered an Order on that date directing Appellant to submit a report setting forth the current status of this matter to the Court within ten (10) days of the entry of that Order. As of this date, Appellant has not responded to our Order of June 24, 2013, and the Clerk of this Court has not received a supplemental record containing a final judgment.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed in this matter is not a final judgment, and therefore, this appeal must be dismissed for lack of jurisdiction.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request

of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Zaccariah Williams, for which execution may issue if necessary.

**PER CURIAM**